UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHERYL BLANCHARD,

    Plaintiff,

    v.

MORTON SCHOOL DISTRICT, et al.,

    Defendant.

Case No. CV 02-5101 FDB

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL

Before the court is the motion of Defendants (collectively referred to as the "District") for summary judgment dismissal of all claims of Plaintiff Cheryl Blanchard. The court, having considered the motion, response, and affidavits of the parties, finds that Ms. Blanchard's claims are not cognizable under applicable law and must, therefore, be dismissed.

**I. Procedural Background**

Ms. Blanchard filed this case in May, 2002. On July 18, 2003, the court granted the District's motion to dismiss, dismissing the case on the basis that Ms. Blanchard had failed to exhaust her administrative remedies under the Individuals with Disabilities Education Act (IDEA). On August 19, 2005, the Ninth Circuit Court of Appeals reversed and remanded the case, holding that the complaint could not be dismissed for failure to exhaust administrative remedies as the IDEA

ORDER - 1

provides no remedy for Ms. Blanchard.  The Ninth Circuit's holding was limited to the exhaustion issue.  Blanchard v. Morton School District, et al., 420 F.3d 918, 922 (9th Cir. 2005).  The Ninth Circuit was not called upon to decide whether any of Ms. Blanchard's claims for damages is substantively cognizable under federal law or whether her claims are meritorious.

Ms. Blanchard alleges that she is entitled to damages for lost profits from her floral manufacturing business from 1999 to 2001 for time spent "dealing with hearings and learning the law."  She also seeks damages for emotional distress.

## II.  Factual Background

Ms. Blanchard is the mother of Daniel, a student who receives special education at the Morton School District, a small district located in Lewis County, Washington.  In 2000, Ms. Blanchard pursued her first due process hearing concerning services provided to her son during the 1999/2000 school year.  The ALJ determined that the District had not implemented the Individualized Education Program (IEP) for Daniel during the 1999/2000 school year and had not adequately trained staff to implement the IEP.  The District was ordered to implement the IEP, obtain more training for staff and provide 100 hours of compensatory education for Daniel.

In 2001, Ms. Blanchard pursued a second hearing based on her concern that the length of the Extended School Year (ESY) services the District offered to provide Daniel for the summer of 2001 was insufficient.  The ALJ ruled that the District's proposal concerning ESY services complied with the requirements of the IDEA.

In June 2001, Ms. Blanchard pursued a third due process hearing, claiming that the District had failed to timely identify ESY services for Daniel following the 1999/2000 school years, that he had not been allowed to go on field trips during the 1999/2000 school year, that the District had not properly implemented the order entered after the first due process hearing, and that Daniel's IEP was not followed during the 2000/2001.  Several issues were dismissed by the ALJ at a summary judgment proceeding and Ms. Blanchard thereafter requested that the hearing be cancelled, resulting

ORDER - 2

in an order of dismissal.

In 2003, Ms. Blanchard pursued a fourth hearing but, the matter was settled prior to a hearing.

### III. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56( c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2648 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. Id., 106 S.Ct. at 2552.

This issues on the instant motion are legal, rather than factual. The District argues that Ms. Blanchard's claims fail because they are not cognizable under applicable law. Ms. Blanchard provides additional facts relating to the previous administrative hearings that are not material to the legal issue of whether her damage claims are legally cognizable under the IDEA, ADA, Rehabilitation Act or § 1983.

### IV. Discussion

**A.     Claim for Damages Under the IDEA**

Ms. Blanchard claims that she is entitled to damages under the IDEA for emotional distress and loss of profits for time she spent dealing with hearings and learning the law, during 1999/2001 when she was participating in the due process hearings on her son's behalf.

Monetary damages for retrospective and non-educational injuries are not available under the IDEA. Blanchard , 420 F.3d at 921. As noted by the Ninth Circuit, "[t]he remedies available under the IDEA include educational services for disabled children. *See* 20 U.S.C. §§ 1400-1482. They do not provide an adequate remedy for Blanchard." Ms. Blanchard had no administrative remedies under the IDEA to exhaust because she had resolved the educational issues implicated by her son's

ORDER - 3

disability and had obtained the educational relief available under the IDEA on behalf of her son. Id. The Court stated further that Ms. Blanchard's claims for "emotional distress injuries and lost income could not be remedied through the educational remedies available under the IDEA. Id. *citing* Witte v. Clark County Sch. Dist., 197 F.3d 1271, 1275 (9th Cir. 1999).

Ms. Blanchard argues that she is seeking reimbursement rather than monetary damages. Ms. Blanchard's reliance on Bucks County Dept. of Mental Health/Mental Retardation v. Commonwealth of Pennsylvania, Dept. of Public Welfare, 379 F.3d 61 (3rd Cir. 2004), however, is misplaced. In that case, expenses were incurred by the mother of a handicapped child in order to provide the specific therapy program the defendant refused to provide. Id. at 61-62. There, the parent stepped in to learn and perform the duties of a trained service provider that the defendant was legally obligated to provide.[1]

Expenses are reimbursable so long as they were reasonably and foreseeably expended to secure for a handicapped child, those services that defendants were legally obligated to provide. *See, e.g.,* Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103 (9th Cir. 1987). The court concludes that a suit for lost profits and for personal pain and suffering under the IDEA is not allowed.

**B.    Section 1983 Claim**

To sustain a § 1983 action, the plaintiff must demonstrate that the federal statute upon which she relies creates an individually enforceable right in the class of beneficiaries to which she belongs. Gonzaga Univ. v. Doe, 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002). Even after this

---

[1]Ms. Blanchard's claim of damages for spending time at hearings and learning the law is similar to the claims of attorney parents seeking reimbursement for representing their children in due process hearings and petitions for review. Claims for reimbursement by parents, including attorney parents, for representing their disabled children in administrative hearings under the IDEA, have been rejected in other federal courts. Woodside v. School District of Philadelphia Board of Education, 248 F.3d 129, 131 (3rd Cir. Pa. 2001); Doe v. Board of Education of Baltimore County, 165 F.3d 260, 263 (4th Cir. 1998).

ORDER - 4

showing, "there is only a rebuttable presumption that the right is enforceable under § 1983." Blessing v. Freestone, 520 U.S. 329, 341, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997). The defendant may defeat this presumption by demonstrating that Congress did not intend that remedy for a newly created right. Id. (*citing* Smith v. Robinson, 468 U.S. 992, 1012, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984)). "Evidence of congressional intent may be found directly in the statute creating the right, or inferred from the statute's creation of a 'comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983'". Id. (internal citations omitted).

The IDEA was enacted to ensure that children with disabilities have available to them a FAPE that emphasizes special education and related services designed to meet their unique needs. 20 U.S.C. § 1400(d)(1)(A); Blanchard, 420 F.3d at 920. While parents have procedural rights to participate with the team of educational professionals in the development of an IEP for their child and the opportunity to challenge decisions of the IEP team, they are not the real parties in interest. *See, e.g.*, Collinsgru v. Palmyra Board of Education, 161 F.3d 225, 236 (3rd Cir. 1998).

Ms. Blanchard's participation in the educational process is dependent upon being the parent of a child receiving services covered by the IDEA. She has no individually enforceable right under the IDEA to support a claim for damages under § 1983.[2]

C. ADA and Rehabilitation Act Claims

Ms. Blanchard alleges violation of Section 504 of the Rehabilitation Act, 20 U.S.C. § 794(a) and the Americans with Disabilities Act, 42 U.S.C. § 12132 (Title II of the ADA). To prove a public service or program violates the ADA, a plaintiff must show that she is a "qualified individual" with a disability, excluded from participation or denied benefits by reason of her disability. The same

---

[2] The comprehensive enforcement scheme provided by the IDEA is also incompatible with enforcement through § 1983. *See,* Smith v. Robinson, 468 U.S. 992, 104 S.Ct. 3457 (1984); Department of Education, State of Hawaii v. Katherine D., 727 F.2d 809 (9th Cir. 1983) (*cited with approval in* Abrams v. City of Rancho Palos Verdes, 354 F.3d 1094 (9th Cir. 2004) (*rev'd on other grounds in* 125 S.Ct. 1453.

ORDER - 5

requirements must be met under Section 504.

Ms. Blanchard does not allege that she is a "qualified person with a disability" and there is no reason to believe that she can meet this definition. Additionally, Ms. Blanchard's claim of "reimbursement" is not for the type of expense she is legally allowed to pursue under the ADA and Rehabilitation Act. Ms. Blanchard's reliance on Patricia N. v. Lemahieu, 141 F.Supp.2d 1253 (D. Hawaii 2001) is unavailing. As noted above, the expenses claimed must have been reasonably and foreseeably expended to secure services that the defendant was legally obligated to provide but failed to provide.

### D. Individual Liability

#### (1) Dismissal of Individuals for Failure of Service

On February 14, 2003, the court entered an order indicating that it would grant defendants' then outstanding motion to dismiss for insufficiency of process if the defendants were not served by March 14, 2003. Returns of service for Defendants Russ Davis and Robyn Goodwin were never filed. Accordingly, all claims against them are dismissed.

#### (2) Dismissal of Remaining Individual Defendants

Ms. Blanchard named two additional individual defendants in her complaint, former teacher Regine Alexsunas, and Jim Grossman, a speech and language specialist not employed the District. The District argues that these defendants may not be held individually liable under the ADA, Rehabilitation Act, IDEA, or § 1983, when these statutes are used as a basis for the § 1983 claim. The court agrees. Neither the ADA or Rehabilitation Act provide for liability against defendants sued in their individual capacity. Miller v. King, 384 F.3d 1248, 1277 (11th Cir. 2004); Baublitz v. State of California, 1998 WL 4274444 at 1 (N.D. Cal. 1998)). In addition, there is no individual liability for damages under the ADA and Rehabilitation Act when these statutes are used as the basis for a § 1983 claim. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

ORDER - 6

Finally, as money damages are not available for retrospective and non-educational injuries under the IDEA, Blanchard, 420 F.3d at 921, these same damages cannot be recovered from the individually named defendants as a matter of law.

### V. Conclusion

For the reasons stated above, the court concludes that Ms. Blanchard's claims are not cognizable as a matter of law and must be dismissed.

ACCORDINGLY,

IT IS ORDERED:

(1) Defendants' motion for summary judgment (Dkt.#50 ) is **GRANTED** and Plaintiff's Complaint is dismissed with prejudice.

DATED this 20th day of April, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7